# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**DR. GEORGE WILLIE BUFORD, DD,**

      **Plaintiff,**

v.                                                                                Civil Action No. 5:14cv160
                                                                                (Judge Stamp)

**CAPTAIN J. GILLEY, et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

Plaintiff initiated this *pro se* case on December 15, 2014, by filing a civil rights complaint against a number of defendants concerning events at U.S.P Hazelton. On January 20, 2015, Plaintiff filed a Motion for Temporary Restraining Order and/or Preliminary Injunction. Specifically, Plaintiff seeks release from the Special Management Unit at USP Lewisburg[1]; an Order to prohibit placement of federal prisoners in the SMU; and an Order closing the SMU at USP Lewisburg.

    Plaintiff maintains the Federal Bureau of Prisons "FBOP" is operating a rogue involuntary psychological experiment in behavior modification using aversion therapy called SMU. Plaintiff further maintains that said experiment has no authority in the Code of Federal Regulations. Plaintiff alleges that he was taken to the SMU at USP Lewisburg on March 24, 2014. Since his arrival, he alleges that he has been denied his lumber brace, his albuteral inhaler, and his customized medical shoes to treat his diabetic neuropathy. Further, he alleges that on October 21, 2014, he was shot more than eight times in the back of the head by prison guards wielding riot-control weapons which

---

[1]Although Plaintiff's underlying complaint is against defendants at USP Hazelton, Plaintiff was incarcerated at USP Lewisburg when he initiated this action and remains incarcerated there on this date.

resulted in significant damage to his eyes.

The standard for granting injunctive relief in this circuit is set forth in Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342 (4th Cir.2009). As articulated in Real Truth, before a court may grant injunctive relief, the movant is required to establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Id*. at 346 (citations omitted).

In this particular instance, the Court need not address the standard for granting injunctive relief because it does not have jurisdiction to issue the requested TRO/PI. In order for a court to grant relief, it must have both subject matter jurisdiction and personal jurisdiction. Pursuant to 28 U.S.C. §1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Based on the allegations in the Motion for TRO/PI, the court has subject matter jurisdiction because Plaintiff is alleging the violation of his Eighth Amendment rights.

For a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied. "First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements." Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir.2001). The West Virginia long-arm statute is contained in W.Va. Code §56-3-33(a).[2]

---

[2] This section provides as follows:
    (a) The engaging by a nonresident, or by his or her duly authorized agent, in any one or more of the acts specified in subdivisions (1) through (7) of this subsection shall be deemed equivalent to an

The Southern District of West Virginia has succinctly stated as follows regarding personal jurisdiction:

> "[b]ecause the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary ... to go through the normal two-step formula for determining the existence of personal jurisdiction. Rather the statutory inquiry necessarily merges with the Constitutional inquiry." In re Celotex Corp., 124 F.3d 619, 627-28 (4th Cir.1997).
>
> To satisfy constitutional due process, the defendant must have sufficient minimum contacts with West Virginia so that requiring it to defend its interests here would not "offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Those minimum contacts necessary to confer jurisdiction are limited to those activities by which a person "purposely avails itself of the privilege of conducting activities within the forum state." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) see also In re Celotex, 124 F.3d at 628 (the minimum contacts must be "purposeful"). This occurs where the contacts "proximately result from

---

appointment by such nonresident of the secretary of state, or his or her successor in office, to be his or her true and lawful attorney upon whom may be served all lawful process in any action or proceeding against him or her, in any circuit court in this state, including an action or proceeding brought by a nonresident plaintiff or plaintiffs, for a cause of action arising from or growing out of such act or acts, and the engaging in such act or acts shall be a signification of such nonresident's agreement that any such process against him or her, which is served in the manner hereinafter provided, shall be of the same legal force and validity as though such nonresident were personally served with a summons and complaint within this state:

(1) Transacting any business in this state;
(2) Contracting to supply services or things in this state;
(3) Causing tortious injury by an act or omission in this state;
(4) Causing tortious injury in this state by an act or omission outside this state if he or she regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he or she might reasonably have expected such person to use, consume or be affected by the goods in this state: Provided, That he or she also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(6) Having an interest in, using or possessing real property in this state; or
(7) Contracting to insure any person, property or risk located within this state at the time of contracting.
(b) When jurisdiction over a nonresident is based solely upon the provisions of this section, only a cause of action arising from or growing out of one or more of the acts specified in subdivisions (1) through (7), subsection (a) of this section may be asserted against him or her.

actions by the defendant himself that create a 'substantial connection' with the forum state," Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)(emphasis in original), or where the defendant's efforts are "purposefully directed" at the state. Id. at 476, 105 S.Ct. 2174.

Vass v. Volva Trucks North America, Inc., 304 F. Supp. 2d 851, 854 (S.D. W.Va. 2004).

Pursuant to 28 U.S.C. §1915, the Court can *sua sponte* raise the issue of personal jurisdiction. See Hall v. Herman, 896 F. Supp. 588, (N.D. W.Va. 1995). With regard to the conditions of the SMU at USP Lewisburg, Plaintiff has failed to assert any contact by personnel at that facility with the State of West Virginia, much less the minimum contact necessary to satisfy the Due Process Clause. Thus, the Court cannot exercise personal jurisdiction over staff at USP Lewisburg because any action they took occurred solely in Pennsylvania and not anywhere in West Virginia, and there is no indication that any staff at USP Lewisburg had any contact whatsoever with the State of West Virginia. Consequently, this Court lacks jurisdiction to entertain any of the alleged abuses at that institution or issue a TRO/PI against said facility. See Teas v. Detective McCallen, et al., Civil Action No. 5:12-cv-1334 (NDWV)(Dkt. No. 61).

Accordingly, for the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order (Dkt. No. 10) be **DENIED** without prejudice to Plaintiff's right to file an appropriate civil action in the District Court having jurisdiction over USP Lewisburg and seek relief from that Court.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to this recommendation will result in waiver

4

of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record by electronic means.

DATED: February 26, 2015.

*/s Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE