IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DR. GEORGE WILLIE BURFORD, III,

    Plaintiff,

v.                                                   Civil Action No. 5:14CV160
                                                                      (STAMP)
CAPTAIN J. GILLEY, THOMAS MCGEE,
T. LANE, LT. WARE, C/O BISHOFF,
and J. CANFIELD, in their
individual and official capacities,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

I.   Background

The pro se[1] plaintiff filed this civil action asserting claims under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The plaintiff's claims relate to events that occurred at USP Hazelton. Although the events occurred at USP Hazelton, the plaintiff is currently incarcerated at USP Lewisburg, and was incarcerated there at the time he initiated this civil action. In the complaint, the plaintiff alleges that the Bureau of Prisons ("BOP") conducted involuntary psychological experiments on him, referred to as "SMU." Further, he alleges claims of cruel and unusual punishment, asserting that the defendants denied him access to necessary medications, a back brace, and certain medical shoes.

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

For relief, the plaintiff seeks several million dollars from the defendants. The plaintiff then filed a motion for a temporary restraining order, or alternatively a preliminary injunction ("TRO"), which is currently at issue. In his motion for a TRO, the plaintiff requests that he be released from the Management Unit of USP Lewisburg, an order prohibiting the use of SMU on inmates, and an order closing SMU at USP Lewisburg. Although the plaintiff initially indicates that he filed his motion for a TRO against the listed defendants, the plaintiff appears to request relief regarding the alleged actions by staff at USP Lewisburg. ECF No. 10 at ¶¶ 8, 10, 11, 14, and 15. Therefore, this Court construes his motion for a TRO as seeking relief from the actions of staff at USP Lewisburg, where he is currently incarcerated.

United States Magistrate Judge Robert W. Trumble entered his report and recommendation, recommending that the plaintiff's motion for a TRO be denied without prejudice. ECF No. 14. The magistrate found an issue existed as to whether there was personal jurisdiction so as to rule on the plaintiff's motion for a TRO. The magistrate judge first found that subject matter jurisdiction existed. After analyzing West Virginia's long-arm statute, however, the magistrate judge found that personal jurisdiction did not exist because the plaintiff failed to demonstrate sufficient contacts between the staff at USP Lewisburg and the State of West Virginia. Because of that, the magistrate judge found that this

Court could not entertain the issues asserted by the plaintiff in his motion for a TRO. For those reasons, the magistrate judge recommended that the plaintiff's motion be denied without prejudice.

The plaintiff then filed objections to the report and recommendation. ECF No. 16. First, the plaintiff claims that "in the ordinary course of commerce," prison officials receive "slaves" that are transported over highways and other locations. Due to the repeated and routine receipt of human property in interstate commerce, the plaintiff argues that sufficient contacts exist so as to provide personal jurisdiction. Accordingly, because the plaintiff is a "slave" under the prison system, the plaintiff argues that contacts through interstate commerce exist, meaning that personal jurisdiction exists.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the plaintiff filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u>.

## III. Discussion

As indicated in the magistrate judge's report and recommendation, the issue here is whether this Court has personal jurisdiction over the plaintiff's motion for a TRO. ECF No. 10.

In his motion for a TRO, the plaintiff seeks release from the SMU located in USP Lewisburg, an order prohibiting any future placement of federal inmates into the alleged SMU program, and that USP Lewisburg's SMU be closed. As will be discussed below, this Court finds that it does not have personal jurisdiction regarding the plaintiff's motion for a TRO.

In order for a court to grant relief, the court must have "jurisdiction over both the subject matter and the parties." Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982) (citations omitted). Subject matter jurisdiction is derived from Article III of the Constitution of the United States as well as statutory authority. Id. at 702. Under 28 U.S.C. § 1331, it states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In this civil action, the plaintiff appears to allege several violations of his Eighth Amendment rights. Because this civil action arises from an alleged violation of the Constitution, this Court has subject matter jurisdiction.

The issue becomes, however, whether this Court has personal jurisdiction. "The requirement that a court have personal jurisdiction flows not from [Article] III, but from the Due Process Clause." Id. The policy behind personal jurisdiction centers around "individual liberty," requiring that "the maintenance of the

suit . . . not offend 'traditional notions for fair play and substantial justice.'" Id. at 702-3 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). When attempting to assert personal jurisdiction over a non-resident defendant, this Court must find that two conditions are satisfied. "First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and, second, the exercise of personal jurisdiction must also comport with the Fourteenth Amendment due process requirements." Christian Science Bd. of Dirs. of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). Because the plaintiff, currently incarcerated in USP Lewisburg, filed his motion for a TRO regarding the alleged conduct of staff at USP Lewisburg, the two requirements must be satisfied.

The United States Court of Appeals for the Fourth Circuit previously determined that West Virginia's long-arm statute is "coextensive with the full reach of due process []," and therefore "it is unnecessary in this case to go through the normal two-step formula for determining the existence of personal jurisdiction." In re Celotex Corp., 124 F.3d 619, 627-28 (4th Cir. 1997) (citing Pittsburgh Terminal Corp. v. Mid Allegheny Corp., 831 F.2d 522, 525 (4th Cir. 1987)). Therefore, the proper inquiry then becomes "whether exercising personal jurisdiction over [the defendant] is consistent with the Due Process Clause." In re Celotex Corp., 124

5

F.3d at 628. Under that inquiry, a defendant must have sufficient minimum contacts with West Virginia. Id. The contacts must be so sufficient that "requiring the defendant to defend its interests in the forum does not 'offend "traditional notions of fair play and substantial justice."'" Id. (citations omitted). Those minimum contacts must be purposeful, meaning that the individual or entity "purposefully availed itself of the privilege of conducting activities within the forum, thus [] invoking the benefits and protections of its laws." Id. (citing Hanson v. Denckla, 357 U.S. 235, 253 (1958)); see Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473-74 (1985)). It should be noted that a court may sua sponte raise issues of personal jurisdiction. See, e.g., Hall v. Herman, 896 F. Supp. 588, 590 (N.D. W. Va. 1995).

The facts show that this Court does not have personal jurisdiction regarding the plaintiff's motion for a TRO. First, the plaintiff filed his motion against the defendants, but seeks relief from conduct that occurred at USP Lewisburg. Some of the defendants are located in West Virginia, while others are located in Maryland. USP Lewisburg, however, is located in the Commonwealth of Pennsylvania. Further, the plaintiff specifically points to actions that occurred in USP Lewisburg that were allegedly conducted by USP Lewisburg staff. Second, the record fails to show that the staff at USP Lewisburg had sufficient contact with the State of West Virginia so as to satisfy the above

legal standard. In his objections to the report and recommendation, the plaintiff claims that the "routine receipt of human property in interstate commerce" between Pennsylvania and West Virginia establishes sufficient minimum contacts. Here, the plaintiff appears to refer to federal inmates as "slaves" and "human property," and seems to argue that the transportation of "human property" from West Virginia to Pennsylvania provides the necessary contacts. The plaintiff has not demonstrated that the staff at USP Lewisburg have "purposely avail[ed] [themselves] of the privilege of conducting activities within the forum state," Hanson, 357 U.S. at 235, or that the contacts "proximately result from the actions by the defendant himself that create a 'substantial connection with the forum state,'" Burger King Corp., 471 U.S. at 475 (emphasis in original). That purposeful availment requirement prevents a defendant from being "haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." Burger King Corp., 471 U.S. at 475 (internal citations omitted). Although filed against the defendants, the plaintiff's motion for a TRO discusses and seeks relief from the actions by the staff at USP Lewisburg without any indication or facts showing that their conduct created "sufficient minimum contact" with the State of West Virginia. Therefore, this Court does not have personal jurisdiction over the plaintiff's motion for a TRO. Accordingly, the report and recommendation of

7

the magistrate judge is affirmed and adopted, and the plaintiff's objections are overruled.

IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 14) is AFFIRMED AND ADOPTED. Accordingly, the plaintiff's motion for a temporary restraining order, or alternatively for a preliminary injunction is DENIED WITHOUT PREJUDICE. Further, the plaintiff's objections to the report and recommendation are OVERRULED.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:   April 6, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE