IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DR. GEORGE WILLIE BUFORD, III,

    Plaintiff,

v.                                                   Civil Action No. 5:14CV160
                                                                         (STAMP)
CAPTAIN J. GILLEY,
THOMAS McGEE,
SMU Hearing Administrator,
T. LANE, Discipline Hearing Officer,
LT. WARE, SHU Lieutenant,
C/O BISHOFF, SHU No.1 and
J. CANFIELD, S.I.S. Lieutenant,
in their individual and official
capacities,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND GRANTING DEFENDANTS' MOTION
TO DISMISS OR FOR SUMMARY JUDGMENT**

I.   Procedural History

The pro se[1] plaintiff, Dr. George Willie Buford, III, filed this civil action asserting four claims under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). All four claims concern the plaintiff's incarceration at USP Hazelton. The action was referred to United States Magistrate Judge Robert W. Trumble for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

Thereafter, the defendants filed a motion to dismiss or, in the alternative, motion for summary judgment. The magistrate judge issued a <u>Roseboro</u> notice to the plaintiff, and the plaintiff filed his response to the defendants' motion. The magistrate judge then filed a report and recommendation recommending that this Court grant the defendants' motion to dismiss or, in the alternative, motion for summary judgment. The magistrate judge recommended that all claims regarding the plaintiff's designation to the Special Management Unit ("SMU") and all claims against the defendants in their official capacities be dismissed with prejudice. The magistrate judge recommended that all claims regarding the plaintiff's placement in the Special Housing Unit ("SHU"), the conditions of Cell 102 in the SHU, and alleged interference with any contractual agreement with Monongalia General Hospital be dismissed without prejudice for failure to exhaust administrative remedies.

The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within 14 days after being served with copies of the report. Neither party filed objections.

## II. <u>Facts</u>

First, the plaintiff alleges that he was deprived of due process and subjected to cruel and unusual punishment when he was assigned to the SHU. Second, the plaintiff alleges that he was

deprived of due process when he was assigned to the SMU. Third, the plaintiff alleges that the conditions of USP Hazelton SHU Cell 102 subjected him to cruel and unusual punishment. Finally, the plaintiff alleges that several USP Hazelton staff members interfered with his contractual obligations in a private contract between himself and Monongalia General Hospital.

The defendants' motion to dismiss explains that the plaintiff was placed in the USP Hazelton SHU only after staff members found a contact list in the plaintiff's cell containing personal phone numbers, email addresses, and other personal information of certain staff members. Defendant Lieutenant Jamie Canfield ordered that the plaintiff be placed in the SHU under Administrative Detention status until the contact list was fully investigated. After the plaintiff was moved to the SHU, staff found two handcrafted weapons and tobacco in the plaintiff's original cell. The plaintiff was then notified that a hearing would be held to determine whether he should be assigned to the SMU. The plaintiff did not attend the hearing, but defendant Thomas McGee, a Discipline Hearing Officer, recommended at the hearing that the plaintiff be assigned to the SMU.

The defendants' motion to dismiss further explains that, while assigned to the SHU, the plaintiff was permitted to self-carry and self-administer medication for his hypertension. However, the plaintiff was not permitted to self-carry or self-administer his

3

other medications, which a health services staff member had to distribute to him.  The plaintiff did not always cooperate with the testing required for him to receive those other medications.  USP Hazelton did not provide the plaintiff with a back brace or special shoes and insoles because those medical devices can be used to fashion weapons or to assist suicide.  The defendants also note that the plaintiff filed no administrative grievances related to the condition of USP Hazelton SHU Cell 102 or his purported contractual agreement with Monongalia General Hospital.

In response, the plaintiff restates his original four claims and argues that there are genuine issues of disputed material facts sufficient to deny summary judgment.  For relief, the plaintiff seeks a monetary award with attorneys' fees, treble damages, and the closing of the SMU until such time that it complies with the Administrative Procedures Act ("APA").

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

### III.  Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  Because the plaintiff did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld

4

unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

IV. Discussion

In his report and recommendation, the magistrate judge first correctly found that the plaintiff's claims against the defendants in their official capacities are not appropriate in a Bivens action. See Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). "The United States, as a sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The United States has not waived sovereign immunity with respect to lawsuits that allege constitutional tort claims. F.D.I.C. v. Meyer, 510 U.S. 471, 475-79 (1994). Thus, the magistrate judge properly concluded that, because the plaintiff has alleged constitutional tort violations, his claims are not properly construed as a suit directly against the United States. Accordingly, the plaintiff's claims against the defendants in their official capacities should be dismissed with prejudice for that reason.

The magistrate judge further found that the plaintiff failed to administratively exhaust all claims asserted in his Bivens complaint other than the claim regarding his assignment to the SMU.

5

See Porter v. Nussle, 534 U.S. 516, 524 (2002) ("[F]ederal prisoners suing under Bivens . . . must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit."). The Bureau of Prisons provides a four-step administrative process, and an inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. See 20 C.F.R. § 542.10, et seq.; see also Gibbs v. Bureau of Prison Office, 986 F. Supp. 941, 943 (D. Md. 1997).

The plaintiff filed no administrative remedy requests related to the condition of USP Hazelton SHU Cell 102 or his alleged contractual agreement with Monongalia General Hospital. ECF No. 46-1 at ¶¶ 26-27. Additionally, the plaintiff did not fully exhaust his administrative remedies related to his placement in the SHU because he never appealed the rejections of his initial requests. ECF No. 46-1 at ¶¶ 8-25. The magistrate judge determined that the plaintiff has not offered a justification to explain why he failed to administratively exhaust those three claims and, thus, is precluded from litigating his three unexhausted claims. Accordingly, the magistrate judge properly concluded that the three unexhausted claims should be dismissed without prejudice for failure to exhaust.

As to the single exhausted claim regarding the plaintiff's assignment to the SMU, the magistrate judge found that the

assignment did not violate the plaintiff's due process rights. A federal inmate does not have a liberty interest in avoiding transfer to more adverse or restrictive conditions of confinement. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Thus, the magistrate judge properly concluded that the plaintiff's assignment to the SMU was not a per se violation of his constitutional rights.

Furthermore, the magistrate judge correctly determined that the plaintiff received each of the due process rights he was entitled to when he was assigned to the SMU. Specifically, the magistrate judge found that (1) the plaintiff received written notice of the SMU hearing; (2) the plaintiff had the opportunity to present documentary evidence, to present witness testimony, and to have a staff member assist him at the SMU hearing; (3) the plaintiff received a written report explaining why he was assigned to the SMU; and (4) Mr. McGee was an impartial decision maker. See ECF No. 46-3; Wolff v. McDonnell, 418 U.S. 539, 564-71 (1974) (outlining the due process rights to which a prisoner is entitled).

The magistrate judge also found that the SMU does not violate the APA because, under 18 U.S.C. § 3625, designation decisions made by the Bureau of Prisons as to the place of an inmate's imprisonment are exempt from challenge under the APA. See Terrell v. Rupert, No. 7:11CV24, 2011 WL 6046618, at *5 (W.D. Va. Dec. 5, 2011) ("[The plaintiff's] claim fails as a matter of law because the [Bureau of Prison's] decisions regarding where to house inmates

are exempt from challenge under the APA."). Thus, the magistrate judge correctly concluded that the plaintiff's single exhausted claim regarding his assignment to the SMU should be dismissed with prejudice.

This Court finds no error in any of the above determinations of the magistrate judge and thus upholds his rulings.

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge (ECF No. 71) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the defendants' motion to dismiss or, in the alternative, for summary judgment (ECF No. 45) is GRANTED. All claims regarding the plaintiff's designation to the Special Management Unit and all claims against the defendants in their official capacities are DISMISSED WITH PREJUDICE. All claims regarding the plaintiff's placement in the Special Housing Unit, the conditions of Cell 102 in the Special Housing Unit, and alleged interference with any contractual agreement with Monongalia General Hospital are DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se plaintiff by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 25, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE